834

## BOCOCK v. WABASH R. CO.
### No. 9545.

United States Court of Appeals
Seventh Circuit.
Jan. 11, 1949.

Henry I. Green and Enos L. Phillips, both of Urbana, Ill., James H. Wheat, of Champaign, Ill., and J. A. McClain, Jr., of St. Louis, Mo., for appellant.

Louis A. Lowenstein and Albert Saikley, both of Danville, Ill., for appellee.

Before MAJOR, Chief Judge, and MINTON and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal from a judgment for the plaintiff in a suit to recover for injuries received in a collision between an automobile and a freight train. The complaint was in four counts. The first alleged general negligence in the operation of the train and also averred negligence in the construction of the crossing in that the railroad had "elevated its right of way at the crossing * * * so as to require automobile traffic to ascend a steep grade in crossing said tracks." The second count alleged a violation of the statutory duty to ring a bell or blow a whistle from a distance of at least eighty rods before the crossing was reached, as required by Illinois statute, Ill.R.S.1947, Chap. 114, sec. 59. The third count alleged a violation of the alleged duty to maintain gates or similar devices or a watchman at the crossing to warn of the approach of trains, and the fourth, willful and wanton negligence in the operation of the train. There was no allegation of excessive speed.

Appellant moved for a directed verdict at the close of plaintiff's evidence, and again at the close of all the evidence. The court

instructed the jury that there was no evidence to support a verdict on the third and fourth counts of the complaint, but submitted the case to it on the first two counts. There were no exceptions to his instructions on these two counts. The jury found the issues in favor of the plaintiff and assessed his damages at $7500. Appellant thereupon filed its motion for judgment notwithstanding the verdict. This was denied by the court, and judgment rendered on the verdict.

The accident involved in this litigation occurred on November 30, 1944, at a grade crossing in the village of Sidney, Illinois. Plaintiff is a rural mail carrier who had been driving over the same route for about fourteen years and, according to his own testimony, was thoroughly familiar with the crossing. It appears that for some distance on each side of this crossing the railroad tracks run in an east-west direction and at this point are built on a fill about nine or ten feet higher than the level of the highway running north and south and crossing at right angles. The approach is on a steep grade, rising the nine or ten feet in about one hundred feet up to the crossing. From the north the view of the tracks is unobstructed for a long distance toward the east, but there are several obstructions to the west, including some houses near the road and two elevators about two blocks west, with a few trees in between. There is no signal device of any kind to warn of the approach of trains.

Visibility was very poor on the day of the accident, due to snow and fog. The train with which appellee's automobile collided was an extra that apparently ran daily, but with a rather irregular schedule, between Tilton and Champaign, doing a shuttle service, with the engine in reverse when headed west as it was when the collision occurred. Appellee knew of the train, stating that it was due at 8:30 but was always late. He testified that on the morning of the accident, he approached the crossing about 10:30, driving north at a speed of about fifteen to twenty miles an hour. At a point about one hundred and fifty feet south of it he glanced to the east but saw no train and heard no bell or whistle; he then shifted into second gear, looked west and, seeing nothing approaching from that direction, he drove up onto the tracks at about ten miles an hour. He knew nothing more of what happened.

The accident was witnessed by a section crew at work about two and a half blocks west of the crossing. The three members testified that they had seen both the train and the automobile approaching the crossing, and the foreman had mentioned to the others that if the car did not stop the train would hit it. They saw the tender of the engine, operating in reverse, strike the automobile and carry it some distance before it rolled off; they saw the car door open and appellee thrown out.

The section crew also testified that they had heard the whistle blowing from a distance of at least a mile to the east. Two of appellee's witnesses testified that they did not hear the whistle. Of these, one heard the crash and the other did not. The engine crew—engineer, head brakeman and fireman, all testified that the whistle was blowing and that the automatic bell had been turned on and was ringing continuously from the time the engineer started to whistle at some distance east until after the train stopped after the accident. They also testified that the headlight had been turned on before they started from Tilton that morning, and two of them looked and saw it still burning after the train stopped. None of the other witnesses noticed this headlight, and appellee thought that if there had been a light he would have seen it, although he did not look to the east again after his first momentary glance. The engineer testified that he was operating the engine from the south side of the cab but did not see appellee approaching—he was unable to watch out continuously because of the snow on his glasses.

Appellant does not question the extent of appellee's injuries which were admittedly very severe—according to his own testimony he was rendered unconscious for a period of seven weeks and unable to return to work for seven months, and he still had a limited disability at the time of the trial. His bills for medical, hospital and nursing care amounted to over $5000, and appellant admitted their reasonableness.

■ Appellant based its motion for judgment n. o. v. on the two-fold ground of contributory negligence on the part of the plaintiff, and absence of any competent evidence of negligence on the part of the defendant. In passing on the motion the court stated that the only question presented was whether he had erroneously concluded that appellee's evidence was not such that he could say, as a matter of law, that he was guilty of contributory negligence. He analyzed the evidence in this respect and concluded, rightly we think, that a jury question was presented and that he could not therefore render judgment notwithstanding the verdict as to this issue.

The court did not discuss the second issue submitted by appellant, as to whether or not there was any competent evidence of negligence on the part of the defendant which was the proximate cause of the injury. In this we think there was error. From our study of the evidence of record it appears that the most that can be said of appellant's alleged negligence is summed up in appellee's statement in his brief:

"All of the evidence was to the effect that the engineer was running his train at a speed of from twenty to thirty miles per hour under conditions of extremely poor visibility, that he knew he was approaching the crossing in question which was an improved highway crossing, and that he frequently stopped looking to wipe his glasses free of snow accumulating on them. Under these conditions we submit that his speed was negligence.

"The testimony as to the sounding of the whistle, the ringing of the bell and the headlight was sufficiently conflicting to warrant the jury in finding that these precautions were not taken by defendant's employees, therefore we submit that there was ample evidence of negligence on the part of defendant sufficient to sustain the verdict of the jury."

■ We think the principal error in this analysis lies in the assertion of conflict as to the evidence of the sounding of the whistle and bell. It appears to be fully established by the Illinois cases that testimony that witnesses heard no bell or whistle is merely negative and does not tend to raise any issue of fact as to whether whistles were blown or bells rung. Morgan v. New York Central R. Co., 327 Ill. 339, 158 N.E. 724; Provezano v. Illinois C. R. R. Co., 357 Ill. 192, 191 N.E. 287; Trumbo v. Chicago, B. & Q. R. R., 389 Ill. 213, 59 N. E.2d 92; Berg v. New York C. R. R. Co., 391 Ill. 52, 62 N.E.2d 676; Stephenson v. Grand Trunk R. Co., 7 Cir., 110 F.2d 401, 132 A.L.R. 455; Pere Marquette R. Co. v. Anderson, 7 Cir., 29 F.2d 479. Appellee relies on a group of cases, annotated in 140 A.L.R. 530, to the effect that, "It is well settled that negative evidence is admissible where the attending circumstances are such as to show that it has some probative force." The rule is well stated in Berg v. New York C. R. R. Co., supra [391 Ill. 52, 62 N.E.2d 680], "It is obvious that if a witness, without explanation of his evidence, testifies that he did not hear a bell or whistle, such testimony would have no value. To give it probative force, it must appear that the witness was in such proximity that he could have heard the sound had it been given, and that his attitude of attention was such that if the bell or whistle had sounded it would have attracted his attention." We find nothing in the evidence of the three witnesses who stated that they did not hear the whistle to bring appellee's case within this rule. Hence we think no jury question was presented as to the second count.

■ The issue then narrows down to appellee's first proposition that the engineer's speed was negligence in view of the poor visibility, his own difficulty with snow on his glasses, and the condition of the crossing. However, there was no allegation of excessive speed. And we are convinced that, in the absence of affirmative evidence that no signals were given by whistle or bell to controvert the positive evidence that such signals were given, the other factors relied upon were not sufficient to present a jury question on the charge of general negligence in the operation of the engine and train.

Judgment reversed and cause remanded with directions to enter judgment for appellant.